| | |
|---|---|
| GARY ZAGAMI, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 6:24-cv-01395-BKS-MJK |
| v. | <u>CLASS ACTION</u> |
| WOLFSPEED, INC., GREGG A. LOWE, and NEILL P. REYNOLDS, | |
| Defendants. | |
| WILLIAM MAIZNER, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 6:25-cv-00046-ECC-MJK |
| v. | <u>CLASS ACTION</u> |
| WOLFSPEED, INC., GREGG A. LOWE, and NEILL P. REYNOLDS, | |
| Defendants. | |
| LUIS FERREIRA, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 6:25-cv-00062-ECC-MJK |
| WOLFSPEED, INC., GREGG A. LOWE, and NEILL P. REYNOLDS, | <u>CLASS ACTION</u> |
| Defendants. | |

**MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**

# INTRODUCTION

Laborers' District Council and Contractors' Pension Fund of Ohio ("Ohio Laborers") and Operating Engineers Construction Industry and Pension Fund (Local 66) ("Operating Engineers") respectfully submit this memorandum of law in support of their motion for appointment as co-lead plaintiffs and in opposition to competing motions. The above-captioned actions were brought on behalf of investors who purchased Wolfspeed, Inc. securities between August 16, 2023, and November 6, 2024.

Seven movants seek appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): 1) Ohio Laborers and Operating Engineers, 2) a group of three individuals, Qiu Shaomei, He Jie, and Cai Guangjian (collectively, the "Wolfspeed Investor Group"), 3) Dr. Syed M. Alam, 4) Pawan Banjade, 5) Mitchell Gregg, 6) Khurram Shahzad, and 7) Ahmed Soliman.[1] Of these movants, the Ohio Laborers and Operating Engineers are the only candidates that can offer the institutional experience and expertise specifically contemplated by Congress in passing the PSLRA. Ohio Laborers and Operating Engineers have the ability and resources to diligently and zealously prosecute the claims in this action, along with a history of serving as fiduciaries for thousands of member beneficiaries. For these reasons, Ohio Laborers and Operating Engineers should be appointed co-lead plaintiffs, and their selection of Block & Leviton LLP as lead counsel or co-lead counsel approved.

# ARGUMENT

The PSLRA directs the Court to appoint as lead plaintiff the movant "that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). To that end, the PSLRA establishes a rebuttable presumption that the "most adequate

---

[1] On January 31, 2025, Derick Pearlin filed a notice of non-opposition. ECF No. 21.

plaintiff" is the movant who "has the largest financial interest in the relief sought by the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

The Wolfspeed Investor Group is the movant claiming the largest losses. However, the PSLRA's legislative history underscores "the Congressional preference for institutional lead plaintiffs in private securities class actions." *Randall v. Fifth St. Fin. Corp.,* 2016 WL 462479, at *3 (S.D.N.Y. Feb. 1, 2016) (citing H.R. Conf. Rep. 104–369, at 32–35 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 731–34 and collecting cases).

Courts have repeatedly noted this Congressional preference for institutional investors in ruling on lead plaintiff motions. *See, e.g., Lemm v. New York Cmty. Bancorp, Inc.,* 733 F. Supp. 3d 107, 118 (E.D.N.Y. 2024) ("while Sand Hollow is the presumptive lead plaintiff due to its higher losses, the Court takes note of a countervailing Congressional preference for institutional investors . . ."); *Sanchez v. Arrival SA*, 2022 WL 20539729, at *8 (E.D.N.Y. Apr. 15, 2022) (appointing institutional investor as lead plaintiff and noting that "[i]n making this determination, the Court is mindful that Congress has demonstrated its preference for an institutional investor to serve as lead plaintiff."); *Plumbers & Pipefitters Loc. 51 Pension Fund v. First Bancorp.*, 409 F. Supp. 2d 482, 483 (S.D.N.Y. 2006) (appointing institutional investor with lessor losses as co-lead plaintiff due to its "expertise to prosecute the litigation in the manner contemplated by the PSLRA"); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998) (appointing institutional investor with lesser losses as co-lead plaintiff, noting that institutional investor participation is "specifically encouraged by the PSLRA"); *Odeh v. Immunomedics, Inc., et al.*, No. 2:18-cv-17645-MCA-LDW, (D.N.J. 2019) (ECF No. 34) (appointing Construction Industry and Laborers Joint Pension Trust as co-lead plaintiff and noting that the other co-lead plaintiff, an individual investor with

larger losses, will "be able to benefit from the investment experience of [the Pension Trust], as an institutional investor") (citation omitted).

Ohio Laborers and Operating Engineers should be appointed as co-lead plaintiffs because they are sophisticated institutional investors with the "expertise to prosecute the litigation in the manner contemplated by the PSLRA." *Plumbers & Pipefitters,* 409 F. Supp. 2d at 483. The Ohio Laborers have previously played key roles as co-lead plaintiffs, partnering with other institutional investors to secure substantial settlements for the classes they represented in numerous securities actions. *See In re Omnivision Techs., Inc. Sec. Litig.*, No. 5:11-CV-05235-RMW (N.D. Cal.); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731 (E.D. Pa.). Ohio Laborers and Operating Engineers are thus uniquely qualified to offer the sophistication, experience, and resources as co-lead plaintiffs contemplated by the PSLRA.

## CONCLUSION

For the forgoing reasons, Ohio Laborers and Operating Engineers respectfully request that the Court: (1) grant their motion for appointment of co-lead plaintiffs and approval of their selection of lead counsel and (2) deny the competing motions for appointment of lead plaintiff in this action.

Dated: February 7, 2025      Respectfully submitted,

*/s/ Sarah E. Delaney*
Sarah E. Delaney
**BLOCK & LEVITON LLP**
260 Franklin St., Suite 1860
Boston, MA 02110
(617) 398-5600 phone
sarah@blockleviton.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ *Sarah E. Delaney*
Sarah E. Delaney