UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| GARY ZAGAMI, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 6:24-cv-01395-ECC-MJK |
|  | : |  |
| Plaintiff, | : | <u>CLASS ACTION</u> |
|  | : |  |
| vs. | : | DR. SYED M. ALAM'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF |
|  | : |  |
| WOLFSPEED, INC., GREGG A. LOWE, and NEILL P. REYNOLDS, | : |  |
|  | : |  |
| Defendants. | : |  |

4930-4344-6551.v1

**TABLE OF AUTHORITIES**

**CASES**

*Cortina v. Anavex Life Scis. Corp.*,
2016 WL 1337305 (S.D.N.Y. Apr. 5, 2016)..................................................................3

*Francisco v. Abengoa, S.A.*,
2016 WL 3004664 (S.D.N.Y. May 24, 2016) ...........................................................3

*Gronich v. Omega Healthcare Investors, Inc.*,
2018 WL 1626078 (S.D.N.Y. Mar. 27, 2018) ...........................................................3

*In re Bausch & Lomb Inc. Sec. Litig.*,
244 F.R.D. 169 (W.D.N.Y. 2007)..............................................................................2

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001).......................................................................................4

*Li Hong Cheng v. Canada Goose Holdings Inc.*,
2019 WL 6617981 (S.D.N.Y. Dec. 5, 2019) ............................................................4

*Menzione v. Yext, Inc.*,
No. 1:22-cv-05127-JPO (S.D.N.Y. Sept. 6, 2022) ...................................................3

*Nayani v. LifeStance Health Grp., Inc.*,
641 F. Supp. 3d 57 (S.D.N.Y. 2022)..........................................................................4

*Operating Eng'rs Constr. Ind. Miscellaneous Pension Fund v. MGP Ingredients, Inc.*,
No. 1:24-cv-09685 (Dec. 16, 2024)............................................................................4

*Pembroke Pines Firefighters & Police Officers Pension Fund v. Integra LifeSciences
Holdings  Corp.*,
2024 WL 3029133 (D.N.J. June 17, 2024)................................................................3

*Plaut v. Goldman Sachs Grp., Inc.*,
2019 WL 4512774 (S.D.N.Y. Sept. 19, 2019)...........................................................4

*Police & Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.*,
2007 WL 7952453 (S.D.N.Y. Feb. 21, 2007).............................................................3

*Salem v. Methode Elecs., Inc.*,
2025 WL 368955 (N.D. Ill. Feb. 3, 2025) .................................................................1

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
95 F. Supp. 3d 607 (S.D.N.Y. 2015)..........................................................................1

4930-4344-6551.v1

*Westchester Putnam Cntys. Heavy & Highway Laborers Loc. 60 Benefit Funds v.*
*Brixmor Prop. Grp. Inc.*,
2016 WL 11648466 (S.D.N.Y. Nov. 29, 2016)......................................................................2

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
§78u-4(a)(1)(A)(v).................................................................................................3
§ 78u-4(a)(3)(A)(i)(II) ...........................................................................................1
§78u-4(a)(3)(B)(iii)(I)............................................................................................1
§78u-4(a)(3)(B)(iii)(I)(cc).......................................................................................4
§78u-4(a)(3)(B)(iii)(II) ..........................................................................................5

Federal Rules of Civil Procedure
Rule 23 ...........................................................................................................1, 3, 4
Rule 23(a)..............................................................................................................5

4930-4344-6551.v1

On January 17, 2025, eight motions were filed by class members pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") seeking consolidation of the related actions, appointment as lead plaintiff, and approval of lead plaintiff's selection of counsel by: (1) Ahmed Soliman; (2) Derick Pearlin; (3) Laborers' District Council and Contractors' Pension Fund of Ohio ("Ohio Laborers") and Operating Engineers Construction Industry and [sic][1] Pension Fund (Local 66) ("Operating Engineers"); (4) Khurram Shahzad; (5) Mitchell Gregg; (6) Pawan Banjade; (7) Dr. Syed M. Alam; and (8) Qiu Shaomei, He Jie, and Cai Guangjian (collectively, the "Wolfspeed Investor Group"). *See* ECF 12-19.[2] The PSLRA provides that the "court shall adopt a presumption that the most adequate plaintiff" is the person that: (1) "has the largest financial interest in the relief sought by the class"; and (2) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Of the four remaining movants, only Dr. Alam satisfies both prongs.

---

[1] It appears that the Operating Engineers' motion was filed on behalf of a non-existent entity or that counsel misspelled the Operating Engineers' name and filed a false sworn PSLRA Certification on behalf of the a different entity, the Operating Engineers Construction Industry and *Miscellaneous* Pension Fund. *See* n.3., *infra.* Given that the PSLRA sets a strict 60-day statutory deadline to move for lead plaintiff appointment, Operating Engineers Construction Industry and *Miscellaneous* Pension Fund's failure to file a lead plaintiff motion together with an accurate sworn PSLRA Certification cannot be cured through subsequent filings. *See* 15 U.S.C. §78u-4(a)(3)(A)(i)(II) (setting 60-day deadline for lead plaintiff motions); *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 619 (S.D.N.Y. 2015) ("'The PSLRA is unequivocal and allows for no exceptions. All motions for lead plaintiff must be filed within sixty (60) days of the published notice for the first-filed action.'"); *Salem v. Methode Elecs., Inc.*, 2025 WL 368955, at *3 (N.D. Ill. Feb. 3, 2025) ("Although courts are not uniform in their approach to these circumstances, the majority of courts refuse to consider modifications to certifications or claimed losses made after the PSLRA lead plaintiff motion deadline. . . . The reasoning behind these majority decisions is to preserve the strict timeliness requirements of the PSLRA."). Unless otherwise noted, all emphasis is added and citations are omitted.

[2] Movants Derick Pearlin, Khurram Shahzad, Mitchell Gregg, Pawan Banjade, and Ahmed Soliman have all filed notices of non-opposition to the competing motions or have withdrawn their motions. *See* ECF 21, 23-26.

- 1 -

Although the PSLRA "does not define how a party's financial interest should be determined . . . [i]n making that determination, courts within this Circuit commonly utilize a four-factor test that examines: '(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period.'" *In re Bausch & Lomb Inc. Sec. Litig.*, 244 F.R.D. 169, 172 (W.D.N.Y. 2007). Under three of those four metrics, there can be no dispute that Dr. Alam has the largest financial interest:

| Movant | Shares Purchased | Net Shares Purchased | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Dr. Alam | **278,000** | **258,000** | **$2,335,228** | $316,461 |
| Qiu Shaomei | 24,954 | 12,815 | $435,168 | $331,679 |
| He Jie | 1,000 | 1,000 | $356,000 | $306,000 |
| Cai Guangjian | 88,700 | 50,000 | $677,588 | $222,963 |
| Wolfspeed Investor Group Total | 114,654 | 63,815 | $1,468,757 | $860,641 |
| Ohio Laborers | 9,335 | 9,335 | $113,726 | $40,683 |
| Operating Engineers | 4,070 | (7,720) | $27,325 | $98,966 |
| Group Total | 13,405 | 1,615 | $141,052 | $139,650 |

Indeed, by an order of magnitude, Dr. Alam purchased the most shares during the Class Period, purchased the most net shares during the Class Period, and expended the most net funds during the Class Period. "These other factors provide a more objective assessment of a movant's financial interest than the losses suffered, given that shares purchased, net shares purchased, and funds expended are static markers set in stone during the class period, whereas losses suffered may be subject to future changes in the price per share." *Westchester Putnam Cntys. Heavy & Highway Laborers Loc. 60 Benefit Funds v. Brixmor Prop. Grp. Inc.*, 2016 WL 11648466, at *2 (S.D.N.Y. Nov. 29, 2016). As such, Dr. Alam has the largest financial interest in the relief sought by the class.

4930-4344-6551.v1

*Id.* (appointing movant with most shares purchased, net shares purchased, and net funds expended over movant claiming larger loss); *Cortina v. Anavex Life Scis. Corp.*, 2016 WL 1337305, at *2 (S.D.N.Y. Apr. 5, 2016) (appointing movant with most net shares purchased and net funds expended over movant with most shares purchased and larger claimed loss); *Police & Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.*, 2007 WL 7952453, at *2 (S.D.N.Y. Feb. 21, 2007) (appointing movant with higher shares purchased, net shares purchased, and net funds expended over movant claiming largest loss). Accordingly, if the Court elects to look at any non-loss metrics to assess financial interest, Dr. Alam emerges as the movant with the largest financial interest in the relief sought by the class. [3]

---

[3] In an attempt to salvage their motion, Ohio Laborers and Operating Engineers may argue that they should be appointed lead plaintiff because the PSLRA states a preference for appointing institutional investors. Not so. "[T]he statutory mechanism adopted by Congress favors institutional investors only insofar as they have the largest financial interest in the action and meet the requirements of Rule 23." *Gronich v. Omega Healthcare Investors, Inc.*, 2018 WL 1626078, at *3 (S.D.N.Y. Mar. 27, 2018) (appointing individual with larger financial interest over institution); *see also Francisco v. Abengoa, S.A.*, 2016 WL 3004664, at *5 (S.D.N.Y. May 24, 2016) ("[Movant] has not provided any authority suggesting that its status as an institutional investor can overcome the presumption of adequacy accorded to the [individual investors] who undeniably have the largest financial interest in this case.").

Further, assuming arguendo that Ohio Laborers and Operating Engineers – either collectively or individually – possessed the largest financial interest in the relief sought by the class, they would still be ineligible for appointment for lead plaintiff. Indeed, Ohio Laborers and Operating Engineers would be independently disqualified from meeting Rule 23's adequacy requirements because the Operating Engineers' lead plaintiff application – including its sworn PSLRA Certification – is styled and drafted on behalf of a non-existent (or incorrectly spelled) entity that – at best - appears to have filed a false declaration under penalty of perjury by virtue of its failure to list at least three cases where the fund moved for appointment as lead plaintiff or filed a complaint. *See* ECF 14-4 (Operating Engineers' sworn Certification stating that: "Operating Engineers has not served as lead plaintiff or representative party on behalf of an asserted class under the federal securities laws of the United States during the three-year period preceding the date of this Certification."). The PSLRA states that the required certification should identify any action filed during the 3-year period preceding the date on which the certification is signed "in which the plaintiff has sought to serve as a representative party on behalf of a class." 15 U.S.C. §78u-4(a)(1)(A)(v). Operating Engineers' Certification omits two cases where Operating Engineers filed motions for appointment as lead plaintiff (and was subsequently appointed as lead plaintiff) and one case where it filed a complaint. *See Pembroke Pines Firefighters & Police Officers Pension Fund v. Integra LifeSciences Holdings Corp.*, 2024 WL 3029133 (D.N.J. June 17, 2024) (appointing Operating Engineers as lead plaintiff); *Menzione v. Yext, Inc.*, No. 1:22-cv-05127-JPO, ECF 31 (S.D.N.Y. Sept. 6, 2022) (same); *Operating*

- 3 -

Aside from having the largest financial interest of any remaining movant, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, Dr. Alam must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). There is no question that Dr. Alam satisfies these requirements. *See* ECF 18-1 at 4-7, 18-6. Dr. Alam is highly incentivized to maximize the recovery for all putative class members harmed by defendants' alleged misrepresentations based on, among other things, the substantial losses Dr. Alam personally suffered. And, as a U.S.-based nephrologist with an approximately quarter century of investment experience, Dr. Alam is exactly the type of sophisticated investor that will actively represent the class and oversee counsel.

The presumptive lead plaintiff – in this case, Dr. Alam – must be appointed unless it is ***proven*** that he will not satisfy the typicality and adequacy requirements of Rule 23(a). *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Indeed, "once the presumption is triggered, the question ***is not*** whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) (emphasis in original). Here, no competing movant can present proof to rebut the presumption which lies in favor of Dr. Alam.

---

*Eng'rs Constr. Ind. Miscellaneous Pension Fund v. MGP Ingredients, Inc.*, No. 1:24-cv-09685, ECF 1 (Dec. 16, 2024) (securities class action complaint filed by Operating Engineers). In similar circumstances, courts within this Circuit have found that such errors "'nonetheless speak[] to a level of carelessness,'" and cause judges "'to doubt whether [the movant] possesses the necessary adequacy and sophistication to be lead plaintiff.'" *Plaut v. Goldman Sachs Grp., Inc.,* 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019); *see also Li Hong Cheng v. Canada Goose Holdings Inc.*, 2019 WL 6617981, at *6 n.7 (S.D.N.Y. Dec. 5, 2019) (finding movant inadequate for "'erroneously omitt[ing] to disclose that [movant] previously sought appointment in [a prior] action'"); *Nayani v. LifeStance Health Grp., Inc.*, 641 F. Supp. 3d 57, 63-64 (S.D.N.Y. 2022) (rejecting lead plaintiff application of movant whose name was misspelled "throughout her initial moving papers, including her own certification and declaration").

4930-4344-6551.v1

Dr. Alam possesses the largest financial interest in the relief sought by the class and meets the requirements of adequacy and typicality, and the presumption which lies in favor of Dr. Alam cannot be rebutted. The Wolfspeed Investor Group cannot be appointed because they do not possess the largest financial interest under three of the four above-discussed metrics. Ohio Laborers and Operating Engineers cannot be appointed not only because they do not possess the largest financial interest in the relief sought by the class, but also because their ability to serve as a fiduciary for the putative class is belied by their counsel's submission of a false Certification in this case and failure to file a motion on behalf of the correct entity. As a result, Dr. Alam respectfully requests that this Court enter an order appointing him as Lead Plaintiff and approving Dr. Alam's selection of Lead Counsel.

DATED: February 7, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP

*s/ Samuel H. Rudman*
SAMUEL H. RUDMAN

SAMUEL H. RUDMAN (Bar Roll # 513976)
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

- 5 -

4930-4344-6551.v1

Proposed Lead Counsel for Proposed Lead Plaintiff

- 6 -

4930-4344-6551.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on February 7, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Samuel H. Rudman
SAMUEL H. RUDMAN

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Email:  srudman@rgrdlaw.com

4930-4344-6551.v1

# Mailing Information for a Case 6:24-cv-01395-ECC-MJK Zagami v. Wolfspeed, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Sarah E. Delaney**
  sarah@blockleviton.com

- **Lawrence P. Eagel**
  eagel@bespc.com,ecf@bespc.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,jalieberman@pomlaw.com,tsayre@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,egoodman@pomlaw.com,jlopiano@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,mtjohnston@p

- **Brian P Murray**
  bmurray@glancylaw.com

- **Gregory M. Nespole**
  gnespole@zlk.com

- **Robert S. Rosborough , IV**
  rrosborough@woh.com,jkroll@woh.com,selliott@woh.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Pawan Banjade
c/o Whiteman Osterman & Hanna LLP
One Commerce Plaza
Albany, NY 12260

Case 1:26-cv-00018-LAF-LPA    Document 28    Filed 02/07/25    Page 11 of 11