| | |
|---|---|
| GARY ZAGAMI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WOLFSPEED, INC., GREGG A. LOWE, and NEILL P. REYNOLDS,<br><br>Defendants. | Case No. 6:24-cv-01395-ECC-MJK<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF THE WOLFSPEED INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS |
| WILLIAM MAIZNER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WOLFSPEED, INC., GREGG A. LOWE, and NEILL P. REYNOLDS,<br><br>Defendants. | Case No. 6:25-cv-00046-ECC-MJK<br><br>CLASS ACTION |
| LUÍS FERREIRA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WOLFSPEED, INC., GREGG A. LOWE, and NEILL P. REYNOLDS,<br><br>Defendants. | Case No. 6:25-cv-00062-ECC-MJK<br><br>CLASS ACTION |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ........................................................................................................................... 3

    I.    THE WOLFSPEED INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF.......................................................................................................... 3

        A.    The Wolfspeed Investor Group Has the "Largest Financial Interest" ........ 4

        B.    The Wolfspeed Investor Group Otherwise Satisfies the Requirements of Rule 23.................................................................................................... 5

        C.    The Wolfspeed Investor Group is an Appropriate Group........................... 5

    II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ................................................................................................... 7

CONCLUSION........................................................................................................................ 8

PROOF OF SERVICE ............................................................................................................ 9

## TABLE OF AUTHORITIES

**Cases**                                                               **Page(s)**

*Adote v. Plug Power Inc.*,
No. 1:24-CV-0406, 2024 WL 4870325 (N.D.N.Y. Nov. 22, 2024) .................................3, 4, 5

*Amerio v. Gray*,
No. 5:15-CV-00538, 2018 WL 10323051 (N.D.N.Y. Aug. 6, 2018) ...................................3, 6

*Aude v. Kobe Steel, Ltd.*,
17-CV-10085, 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) .............................................2, 3, 5

*Brady v. Top Ships Inc.*,
No. 17-CV-4987 (JFB) (SIL), 324 F.Supp.3d 335 (E.D.N.Y. July 20, 2018)..........................6

*Chahal v. Credit Suisse Grp. AG*,
18-CV-2268 ........................................................................................................................2, 4

*China Agritech, Inc. v. Resh*,
138 S. Ct. 1800 (2018).........................................................................................................2, 5

*Dookeran v. Xunlei Ltd.*,
No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) ......................................5

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ..........................................................................................4, 5

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017)....................3, 6

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825, 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)..............................................4, 7

*In re Comverse Technology, Inc. Securities Litigation*,
No. 1:06-cv-01825 (E.D.N.Y.) .................................................................................................7

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147 (D. Del. 2005) ................................................................................................7

*In re Orion Sec. Litig.*,
No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) .....................................5

*In re Petrobras Securities Litigation*,
No. 14-cv-09662 (S.D.N.Y.)....................................................................................................7

*In re Vicuron Pharms., Inc. Sec. Litig.*,
225 F.R.D. 421 (E.D. Pa. 2005)...............................................................................................4

ii

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 113 (S.D.N.Y. 2010) ..................................................................................5

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ................................................................................3, 5

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) .................................................................................7

*Klein v. Altria Group, Inc. et al*,
  No. 3:20-cv-00075 (E.D. Va.) ....................................................................................8

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
  17-CV-06130 (LTS)(SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ................................4

*Takara Trust v. Molex, Inc.*,
  229 F.R.D. 577 (N.D. Ill. 2005)..................................................................................4

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008)..........................................................................7

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii) .....................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...............................................................................1, 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)..............................................................................3, 7

PSLRA .......................................................................................1, 2, 3, 4, 5, 6, 7

**Rules**

Rule 23(a)(3)........................................................................................................5

Rule 23(a)(4)........................................................................................................5

Movant the Wolfspeed Investor Group[1] respectfully submits this memorandum of law in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Pomerantz as Lead Counsel for the Class (Dkt. No. 19); and in opposition to the competing motions of (i) Dr. Syed M. Alam ("Alam") (Dkt. No. 18), (ii) Laborers' District Council and Contractors' Pension Fund of Ohio and Operating Engineers Construction Industry and Pension Fund (Local 66) (together, the "Pension Funds") (Dkt. No. 14), and (iii) Ahmed Soliman ("Soliman") (Dkt. No. 12).[2]

## PRELIMINARY STATEMENT

The Related Actions are securities fraud lawsuits against Wolfspeed and certain of the Company's officers. As with all federal class action securities fraud lawsuits, a Lead Plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant or movants with the greatest financial interest in the outcome of the action; *and* who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is the Wolfspeed Investor Group, having suffered approximately *$860,641* in losses in connection with its Class Period purchases of Wolfspeed securities. *See* Dkt. No. 19-4. The table below sets forth the losses of the Wolfspeed Investor Group compared to those of the other movants:

---

[1] All capitalized terms herein are defined in the Wolfspeed Investor Group's moving brief, unless otherwise indicated. *See* Dkt. No. 19-2.

[2] Initially, four other putative Class members filed competing motions: Pawan Banjade ("Banjade") (Dkt. No. 17); Derick Pearlin ("Pearlin") (Dkt. No. 13); Mitchell Gregg ("Gregg") (Dkt. No. 16); and Khurram Shahzad ("Shahzad") (Dkt. No. 15). On January 31, 2025, Pearlin filed a notice of non-opposition to completing motions. Dkt. No. 21. On February 6, 2025, Banjade and Gregg each filed notices withdrawing their respective motions. *See* Dkt. Nos. 23, 24. On February 7, 2025, Shahzad filed a notice of non-opposition to competing motions. Dkt. No. 25.

| Movant | Loss |
|---|---|
| Wolfspeed Investor Group | $860,641 |
| Alam | $316,461 |
| Pension Funds | $139,650 |
| Soliman | $16,018 |

The Wolfspeed Investor Group's loss is significantly larger than that of any competing movant. Indeed, the Wolfspeed Investor Group's loss of approximately $860,641 is over ***$388,500 larger*** than all of the competing movants ***combined***. As such, the Wolfspeed Investor Group has the greatest financial interest of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff. *See*, *e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018) (equating financial interest with economic loss).

In addition to its significant financial interest, the Wolfspeed Investor Group also satisfies the adequacy and typicality requirements of Rule 23. The Wolfspeed Investor Group, like all members of the Class, purchased Wolfspeed securities at prices artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations or omissions. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class claims, satisfy the requirements of Rule 23. *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 WL 1634872, at *3-*4 (S.D.N.Y. Apr. 4, 2018).

Moreover, the Wolfspeed Investor Group is a small and cohesive group of three investors who have further demonstrated their adequacy by the submission of a Joint Declaration contemporaneously with their motion, attesting to, *inter alia*, their shared understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA and their preparedness to coordinate their efforts to prosecute this action diligently on behalf of the Class. *See* Dkt. No. 19-7. In *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018), the Supreme Court recently affirmed the propriety of appointing such groups as lead plaintiff, finding that "[d]istrict courts often permit

2

aggregation of plaintiffs into plaintiff groups". *See also Adote v. Plug Power Inc.*, No. 1:24-CV-0406 (MAD/DJS), 2024 WL 4870325, at *4 (N.D.N.Y. Nov. 22, 2024) (appointing group of investors as co-lead plaintiffs and stating that the PSLRA "contemplate[s] and specifically provides that groups of individuals, with their collective losses, may be selected as lead plaintiffs"); *Amerio v. Gray*, No. 5:15-CV-00538 (DNH/TWD), 2018 WL 10323051, at *1-2 (N.D.N.Y. Aug. 6, 2018) (appointing group of investors as co-lead plaintiffs under the PSLRA); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017) (appointing group of four investors as lead plaintiff under the PSLRA).

For the reasons set forth herein, the Wolfspeed Investor Group respectfully submits that its motion should be granted in its entirety, and that the competing motions should be denied.

## ARGUMENT

I. **THE WOLFSPEED INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must "make a *prima facie* showing that they meet [the requirements of] Rule 23". *Aude*, 2018 WL 1634872, at *3-*4; *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Once this presumption is triggered, it may be rebutted upon proof that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Here, the most adequate class representative is the Wolfspeed Investor Group.

### A. The Wolfspeed Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in this Judicial District, the Second Circuit, and around the country recognize that the amount of financial loss is the most significant factor to be considered. *See*, *e.g.*, *Plug Power*, 2024 WL 4870325, at *5 ("Courts agree that the most significant factor is [. . .] the approximate loss suffered."); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) (equating financial interest with economic loss); *Chahal*, 2018 WL 3093965, at *4 (same); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017) (same); *In re Comverse Tech., Inc. Sec. Litig.,* No. 06-CV-1825, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 421, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

As the chart at p. 2 illustrates, the Wolfspeed Investor Group suffered a loss of approximately ***$860,641*** in connection with its Class Period purchases of Wolfspeed securities, over ***$388,500*** larger than the losses alleged by all of the competing movants ***combined***. Accordingly, no movant seeking appointment as lead plaintiff in the Related Actions has alleged a larger financial interest in the litigation than the Wolfspeed Investor Group.

**B. The Wolfspeed Investor Group Otherwise Satisfies the Requirements of Rule 23**

In addition to possessing the largest financial interest in the relief sought by the Class, the Wolfspeed Investor Group has also made the requisite *prima facie* showings that it satisfies the typicality and adequacy requirements of Rule 23. *Aude*, 2018 WL 1634872, at *3; *Kaplan*, 240 F.R.D. at 94.

First, the Wolfspeed Investor Group's claims in the Related Actions satisfy the typicality requirement of Rule 23(a)(3) because its claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010). Second, the Wolfspeed Investor Group satisfies the adequacy requirement of Rule 23(a)(4) because it has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, is aware of no conflict between its interests and those of the putative Class, and, as discussed in greater detail below, it has selected counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class. *Foley*, 272 F.R.D. at 131; *Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018).

**C. The Wolfspeed Investor Group is an Appropriate Group**

The Wolfspeed Investor Group is an appropriate group, and as such the Court should consider its aggregate financial interest in this litigation in determining the most adequate plaintiff for the Class. *See, e.g., China Agritech*, 138 S. Ct. at 1807 n.3 ("District courts often permit aggregation of plaintiffs into plaintiff groups"); *Plug Power*, 2024 WL 4870325, at *4 (appointing group of investors as co-lead plaintiffs and stating that the PSLRA "contemplate[s] and specifically provides that groups of individuals, with their collective losses, may be selected as lead

plaintiffs"); *Amerio*, 2018 WL 10323051, at *1-2 (N.D.N.Y. Aug. 6, 2018) (appointing group of investors as co-lead plaintiffs under the PSLRA); *Blue Apron*, 2017 WL 6403513, at *4 (appointing group of four investors as lead plaintiff under the PSLRA).

Here, the Wolfspeed Investor Group is a small and cohesive group of three investors, each of whom incurred significant losses in connection with their purchases of Wolfspeed securities. *See* Dkt. No. 19-4. Contemporaneously with their motion, the Wolfspeed Investor Group submitted a Joint Declaration attesting to, *inter alia*, its members' background and investment experience; their understanding of the posture of this litigation; their understanding of the significance of their motion; their understanding of the responsibilities of a lead plaintiff appointed pursuant to the PSLRA; and their readiness to jointly undertake those responsibilities on behalf of the Class. *See generally* Dkt. No. 19-7. Courts routinely appoint investor groups as lead plaintiff under such circumstances. *See, e.g.*, *Blue Apron*, 2017 WL 6403513, at *4 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *Brady v. Top Ships Inc.*, No. 17-CV-4987 (JFB) (SIL), 324 F.Supp.3d 335, 346 (E.D.N.Y. July 20, 2018) (appointing group of three investors as lead plaintiff, finding the group "sufficiently demonstrated its members' plans for cooperation and involvement in the litigation for the Court to find this group will best serve the class").

\* \* \* \*

Because the Wolfspeed Investor Group has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, it is the presumptive "most adequate plaintiffs" of the Class within the meaning of the PSLRA. To overcome the strong presumption entitling the Wolfspeed Investor Group to appointment as Lead Plaintiff, the PSLRA requires **"*proof*"** that the

6

presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected.

## II. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to Court approval. *See id.* § 78u-4(a)(3)(B)(v). The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, the Wolfspeed Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume. *See* Dkt. No. 19-8. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-

7

01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *Id.* Thus, the Court may be assured that by approving the selection of counsel by the Wolfspeed Investor Group, the members of the Class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, the Wolfspeed Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the Wolfspeed Investor Group as Lead Plaintiff for the Class; and (3) approving the Wolfspeed Investor Group's selection of Pomerantz as Lead Counsel for the Class.

Dated: February 7, 2025

Respectfully submitted,

POMERANTZ LLP

*s/ J. Alexander Hood II*
J. Alexander Hood II (Bar Number: 700865)
Jeremy A. Lieberman (Bar Number: 700864)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
ahood@pomlaw.com
jalieberman@pomlaw.com

*Counsel for the Wolfspeed Investor Group and Proposed Lead Counsel for the Class*

HAO & HAN LAW FIRM
Junbo Hao
Room 3-401 No. 2 Building,
No. 1 Shuangliubei Street
100024 Beijing
People's Republic of China
Telephone: +86 137-1805-2888
jhao@haolaw.cn

*Additional Counsel for the Wolfspeed Investor Group*

8

**<u>PROOF OF SERVICE</u>**

I hereby certify that on February 7, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*s/ J. Alexander Hood II*
J. Alexander Hood II
