UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARY ZAGAMI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>WOLFSPEED, INC., GREGG A. LOWE, and NEILL P. REYNOLDS,<br><br>Defendants. | Civil Action No. 6:24-cv-01395-ECC-MJK<br><br><u>CLASS ACTION</u><br><br>JOINT STIPULATION AND ORDER APPOINTING QIU SHAOMEI, HE JIE, CAI GUANGJIAN, AND DR. SYED M. ALAM AS LEAD PLAINTIFF |

WHEREAS, on November 15, 2024, plaintiff Gary Zagami commenced the above-captioned action by filing a securities class action complaint on behalf of a purported class of purchasers or acquirers of Wolfspeed, Inc. securities;

WHEREAS, on January 8, 2025, plaintiff William Maizner filed a substantially similar complaint alleging the same claims on behalf of Wolfspeed investors during the same class period, naming the same defendants, and arising out of the same facts and circumstances regarding defendants' alleged wrongdoing;

WHEREAS, on January 13, 2025, plaintiff Luis Ferreira filed a substantially similar complaint (together, with the *Zagami* action and *Maizner* action, the "Related Actions") alleging the same claims on behalf of Wolfspeed investors during the same class period, naming the same defendants, and arising out of the same facts and circumstances regarding defendants' alleged wrongdoing;

WHEREAS, on January 17, 2025, Qiu Shaomei, He Jie, and Cai Guangjian (the "Wolfspeed Investor Group") moved this Court for consolidation of the Related Actions, appointment as lead plaintiff, and approval of their selection of counsel, claiming a financial interest of 113,654 total shares and 1,000 options contracts purchased, 62,815 net shares and 1,000 net options contracts purchased, $2,190,025 in funds expended, and a claimed loss of $860,641 in connection with their purchases of Wolfspeed securities (*see* ECF 19-2, 19-4);

WHEREAS, on January 17, 2025, Dr. Syed M. Alam moved this Court for consolidation of the Related Actions, appointment as lead plaintiff, and approval of his selection of counsel, claiming a financial interest of 278,000 total shares purchased, 258,000 net shares purchased, $2,335,228 in net funds expended, and a claimed loss of $316,461 in connection with his purchases of Wolfspeed securities (*see* ECF 18-1, 18-5);

WHEREAS, on January 17, 2025, six other movants filed motions seeking consolidation of the Related Actions, appointment as lead plaintiff, and approval of their selection of counsel: (1) Ahmed Soliman; (2) Derick Pearlin; (3) Operating Engineers Construction Industry and Pension Fund (Local 66) and Laborers' District Council and Contractors' Pension Fund of Ohio; (4) Khurram Shahzad; (5) Mitchell Gregg; and (6) Pawan Banjade. *See* ECF 12, 13, 14, 15, 16, 17.

WHEREAS, on January 31, 2025, February 6, 2025, February 7, 2025, and February 18, 2025, the six above-numbered movants either withdrew their lead plaintiff motions or notified the Court that they did not oppose the competing motions to be appointed lead plaintiff because these movants did not possess the "largest financial interest" in the relief sought by the class, as required by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See* ECF 21, 23-26, 31.

WHEREAS, on February 7, 2025, the Wolfspeed Investor Group and Dr. Alam filed opposition briefs to each other's motions, and both laid claim to possessing the "largest financial interest" in the relief sought by the class under PSLRA jurisprudence. *See* ECF 29 at 4-5, ECF 28 at 2-5.

WHEREAS, the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii), provides, among other things, that the most adequate plaintiff to serve as lead plaintiff is, in the determination of the Court, the "person or group of persons" that has the largest financial interest in the relief sought by the class and otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, the Wolfspeed Investor Group and Dr. Alam have provided signed, sworn Certifications in support of their motions for appointment as lead plaintiff setting forth, among other things, their transactions in Wolfspeed securities (*see* ECF 19-6, 18-4);

WHEREAS, 15 U.S.C. §78u-4(a)(3)(B)(iv) provides that, subject to the approval of the Court, the most adequate plaintiff will select and retain counsel to represent the class, and the

Wolfspeed Investor Group have selected and retained the law firm of Pomerantz LLP, and Dr. Alam has selected and retained the law firm of Robbins Geller Rudman & Dowd LLP, to pursue this litigation on behalf of the class if they are appointed lead plaintiff;

WHEREAS, after reviewing each other's submissions to the Court, the Wolfspeed Investor Group and Dr. Alam – as the only movants still in contention for appointment as lead plaintiff – each concluded that a protracted dispute concerning "largest financial interest" calculations would not be in the best interests of the class. To that end, the Wolfspeed Investor Group and Dr. Alam met and conferred through their counsel and agreed to resolve their competing motions and to seek, with the Court's approval, to serve jointly as lead plaintiff and for their selection of counsel, the law firms of Pomerantz and Robbins Geller, to serve as lead counsel;

WHEREAS, courts have appointed a group of lead plaintiffs because "[a] co-lead plaintiff structure can 'have the salutary effect of providing greater stability in the prosecution of these consolidat[ed] actions[ ] should a decision be reached at some later stage in the litigation that either co-lead plaintiff will not adequately represent the class or that the financial interest of one of the co-lead plaintiffs demonstrably eclipses that of the other co-lead plaintiff.'" *Lang v. Tower Grp. Int'l*, 2014 WL 12779212, at *3 (S.D.N.Y. June 17, 2014) (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., Inc.,* 229 F.R.D. 395, 420 (S.D.N.Y. 2004)); *Lewis v. YRC Worldwide Inc.*, No. 1:19-cv-00001-GTS-ATB, ECF 56 (N.D.N.Y. Apr. 25, 2019) (granting stipulation to serve as co-lead plaintiff); *Patel v. lululemon athletica inc.*, No. 1:24-cv-06033-ALC, ECF 33 (S.D.N.Y. Oct. 23, 2024) (same);

WHEREAS, the law firms of Pomerantz and Robbins Geller have litigated securities fraud class actions leading to significant settlements in the past and in this case have agreed to protocols in order to ensure an efficient and cost-effective representation of the class, thereby assuring the class

will receive adequate representation. *See Klein v. Altria Grp., Inc.*, No. 3:20-cv-00075-DJN, ECF 320 (E.D. Va. Mar. 31, 2022) (final approval of $90 million settlement in securities class action litigated jointly by Pomerantz and Robbins Geller, among others); *Howard v. Arconic Inc.*, No. 2:17-cv-01057-MRH, ECF 252 (W.D. Pa. Aug. 9, 2023) (final approval of $74 million settlement in securities class action litigated jointly by Pomerantz and Robbins Geller as lead counsel); *Chun v. Fluor Corp.*, No. 3:18-cv-01338-X, ECF 171 (N.D. Tex. Nov. 8, 2022) (final approval of $33 million settlement in securities class action litigated jointly by Pomerantz and Robbins Geller as lead counsel).

NOW, THEREFORE the Wolfspeed Investor Group and Dr. Alam hereby stipulate and agree and respectfully request that the Court enter an Order as follows:

1. Pursuant to 15 U.S.C. §78u-4(a)(3)(B), the Wolfspeed Investor Group and Dr. Alam are appointed Lead Plaintiff for the class; and

2. Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), Lead Plaintiff's selection of Pomerantz LLP and Robbins Geller Rudman & Dowd LLP as Lead Counsel is approved. Lead Counsel shall have the following responsibilities and duties on behalf of Lead Plaintiff and the putative class:

(a) preparing and filing all pleadings;

(b) briefing and arguing any and all motions;

(c) conducting any and all discovery proceedings including depositions;

(d) settlement negotiations;

(e) pretrial discovery proceedings and the preparation for trial and the trial of this matter; and

(f) the supervision of all other matters concerning the prosecution or resolution of the consolidated action.

3. All securities class actions on behalf of purchasers of Wolfspeed, Inc. securities arising out of the same or substantially similar subject matter subsequently filed in, or transferred to, this District shall be consolidated into this action. The parties shall notify the Court of any other such related action within a reasonable time of becoming aware of such related action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the action is consolidated into this action.

DATED: February 19, 2025

ROBBINS GELLER RUDMAN
& DOWD LLP
SAMUEL H. RUDMAN (Bar Roll # 513976)
DAVID A. ROSENFELD

*s/ Samuel H. Rudman*
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Counsel for Dr. Syed M. Alam and Proposed Lead Counsel for Proposed Lead Plaintiff

DATED: February 19, 2025

POMERANTZ LLP
J. ALEXANDER HOOD II (Bar Number 700865)
JEREMY A. LIEBERMAN (Bar Number 700864)

*s/ Jeremy A. Lieberman (w/ permission)*
JEREMY A. LIEBERMAN

600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: 212/661-1100
212/661-8665 (fax)
ahood@pomlaw.com
jalieberman@pomlaw.com

Counsel for the Wolfspeed Investor Group and Proposed Lead Counsel for Proposed Lead Plaintiff

HAO & HAN LAW FIRM
JUNBO HAN
12B05, Tower A
Ocean Express Building
Chaoyang District, Beijing
People's Republic of China
Telephone: +86 137-1805-2888
jhao@haolaw.cn

Additional Counsel for the Wolfspeed Investor Group

The foregoing stipulation is "SO ORDERED" and it is also ORDERED that the above referenced cases be consolidated with the first filed action (6:24-cv-1395) being designated as the LEAD CASE and the actions subsequently commenced (6:25-cv-46 and 6:25-cv-62) being designated as the member cases. ALL FUTURE CORRESPONDENCE SHALL BE FILED IN THE LEAD CASE ONLY, 6:24-cv-1395.

Mitchell J Katz
Digitally signed by Mitchell J Katz
Date: 2025.02.24 13:29:59 -05'00'

THE HONORABLE MITCHELL J. KATZ,
UNITED STATES MAGISTRATE JUDGE