**Robbins Geller Rudman & Dowd LLP**

Alan I. Ellman
aellman@rgrdlaw.com

Chicago    Melville    Nashville    San Diego    Wilmington

Boca Raton    Manhattan    Philadelphia    San Francisco    Washington, D.C.

October 22, 2025

<u>VIA ECF</u>

The Honorable Mitchell J. Katz
Northern District of New York
Alexander Pirnie Federal Building & U.S. Courthouse
10 Broad Street
Utica, New York 13501

Re:    <u>*Zagami v. Wolfspeed, Inc., et al.*, No. 6:24-cv-01395-ECC-MJK (N.D.N.Y.)</u>

Dear Magistrate Judge Katz:

We represent Lead Plaintiffs Qiu Shaomei, He Jie, Cai Guangjian, and Dr. Syed M. Alam, and plaintiff William Maizner (collectively, "Plaintiffs") in the above-referenced action. We write to bring to the Court's attention a recent factual development that bears on the Motion to Transfer Venue ("Motion," ECF No. 59) filed by defendants Wolfspeed, Inc., Gregg A. Lowe, and Neill P. Reynolds (collectively, "Defendants").

In the Motion, Defendants argued that a factor supporting transfer of this action to the Middle District of North Carolina is the pendency there of a "substantially similar derivative litigation," styled *Lamon v. Werner*, No. 1:25-cv-00298 (M.D.N.C.) ("Derivative Action"). *See* Memorandum of Law in Support of Defendants' Motion (ECF No. 59-1) at 1; *see also id*. at 5, 13-14; Reply Memorandum of Law in Further Support of Defendants' Motion (ECF No. 65) at 5 n.4. Specifically, Defendants argued that the Derivative Action "will involve substantially the same witnesses and evidence as this one and potentially poses a risk of inconsistent rulings. Transfer to permit coordination between the cases thus would promote judicial efficiency." ECF No. 59-1 at 14.

On October 16, 2025, however, the parties in the Derivative Action filed a Joint Notice and Stipulation Voluntarily Dismissing Derivative Action. *See* Derivative Action, ECF No. 12 (attached hereto as Ex. A). The parties there stipulated that the claims in the Derivative Action had been released pursuant to Wolfspeed's Chapter 11 Plan of Reorganization in its bankruptcy proceedings. *See id*. at 2. Accordingly, the pendency of the Derivative Action does not support transfer of this action.

We look forward to discussing the Motion at the hearing on October 29, 2025.

Respectfully submitted,

*/s/ Alan I. Ellman*

Alan I. Ellman

cc: All Counsel of Record (via ECF)