**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| GARY ZAGAMI, Individually and on Behalf of All Others Similarly Situated, *Plaintiff*, v. WOLFSPEED, INC., GREGG A. LOWE, and NEILL P. REYNOLDS *Defendants*. | No. 1:26-cv-00018-LAF-LPA <u>**ORAL ARGUMENT REQUESTED**</u> |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' REQUEST FOR CONSIDERATION UNDER THE INCORPORATION-BY-REFERENCE DOCTRINE OR JUDICIAL NOTICE**

Pursuant to the incorporation-by-reference doctrine and Federal Rule of Evidence 201, Defendants Wolfspeed, Inc. ("Wolfspeed"), Gregg A. Lowe, and Neill P. Reynolds respectfully request that the Court consider the following documents which are attached to the Declaration of Tamar Kaplan-Marans in Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint. Defendants submit these documents in support of their Motion to Dismiss the Consolidated Amended Complaint and Memorandum of Law in Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint ("Motion"):

**Exhibit 1**, transcript from Wolfspeed's August 16, 2023 Earnings Call for the fourth quarter of fiscal 2023;

1

**Exhibit 2**, transcript from Wolfspeed's October 30, 2023 Earnings Call for the first quarter of fiscal 2024;

**Exhibit 3**, transcript from Wolfspeed's January 31, 2024 Earnings Call for the second quarter of fiscal 2024;

**Exhibit 4**, transcript from Wolfspeed's May 1, 2024 Earnings Call for the third quarter of fiscal 2024;

**Exhibit 5**, transcript from Wolfspeed's August 21, 2024 Earnings Call for the fourth quarter of fiscal 2024;

**Exhibit 6**, transcript from Wolfspeed's November 6, 2024 Earnings Call for the first quarter of fiscal 2025;

**Exhibit 7**, Wolfspeed's August 16, 2023 earnings press release for the fourth quarter of fiscal 2023;

**Exhibit 8**, Wolfspeed's October 30, 2023 earnings press release for the first quarter of fiscal 2024;

**Exhibit 9**, Wolfspeed's January 31, 2024 earnings press release for the second quarter of fiscal 2024;

**Exhibit 10**, Wolfspeed's May 1, 2024 earnings press release for the third quarter of fiscal 2024;

**Exhibit 11**, Wolfspeed's June 24, 2024 press release;

**Exhibit 12**, Wolfspeed's August 21, 2024 earnings press release for the fourth quarter of fiscal 2024;

2

**Exhibit 13**, transcript from Wolfspeed's presentation at Morgan Stanley's Technology, Media & Telecom Conference on March 4, 2024;

**Exhibit 14**, transcript from Wolfspeed's presentation at the 52nd Annual J.P. Morgan Global Technology, Media and Communications Conference on May 20, 2024;

**Exhibit 15**, transcript from Wolfspeed's presentation at Citi's 2024 Global TMT Conference on September 4, 2024.

**Exhibit 16**, excerpt from Wolfspeed's Annual Report on Form 10-K for the fiscal year ending on June 26, 2022, and filed with the U.S. Securities and Exchange Commission ("SEC") on August 22, 2022;

**Exhibit 17**, excerpt from Wolfspeed's Annual Report on Form 10-K for the fiscal year ending on June 25, 2023, and filed with the SEC on August 23, 2023.

## <u>NATURE OF THE MATTER</u>

Plaintiffs allege that Defendants violated § 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 ("Rule 10b-5"), 17 C.F.R. § 240.10b-5, as well as § 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). ¶¶ 287–302.[1]

## <u>FACTS</u>

Defendants rely on the Facts contained in their Memorandum of Law in Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint, submitted concurrently herewith.

---

[1] All paragraph citations refer to the paragraphs in the Consolidated Amended Complaint ("Complaint").

<h1 style="text-align:center"><u>QUESTION PRESENTED</u></h1>

Whether the Court may consider Exhibits 1–17 in adjudicating the Motion because they are incorporated by reference and/or integral to the Complaint, subject to judicial notice pursuant to Rule 201 of the Federal Rules of Evidence, or both?

<h1 style="text-align:center"><u>ARGUMENT</u></h1>

In deciding a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Greenhouse v. MCG Cap. Corp.*, 392 F.3d 650, 656 (4th Cir. 2004) ("[A] court ruling on a 12(b)(6) motion may look to documents or articles cited in the complaint[.]" (internal quotation marks omitted)); *Plymouth Cnty. Ret. Ass'n v. Primo Water Corp.*, 966 F. Supp. 2d 525, 536–37 (M.D.N.C. 2013) (on motion to dismiss, "court can consider 'documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice'" (citation omitted)). Further, Federal Rule of Evidence 201 authorizes judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

As explained below, each of the Exhibits is incorporated by reference in the Complaint, subject to judicial notice, or both. The Court should therefore consider all Exhibits in adjudicating Defendants' Motion.

4

### A.    Many of the Exhibits Are Incorporated by Reference in the Complaint

Exhibits 1–5, 11, and 13–15 are incorporated by reference in the Complaint because the Complaint refers extensively to them and/or they are integral to Plaintiffs' claims. Plaintiffs assert that Defendants made false or misleading statements during quarterly earnings conference calls between August 16, 2023 and November 6, 2024 (the "Class Period") (Exhibits 1–5), in Wolfspeed's June 24, 2024 press release (Exhibit 11), and during three investor conferences (Exhibits 13–15). *See* ¶¶ 106–09, 113–14, 130, 133–36, 141–43, 146–50, 154–55, 161–62, 169–72, 177–78. Because these materials contain the statements that Plaintiffs allege violated federal securities laws, the documents are integral to Plaintiffs' claims and are therefore incorporated by reference into the Complaint. *See Philips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (considering documents "integral to and explicitly relied on in the complaint"); *see also Chapman v. Fennec Pharms. Inc.*, 2021 WL 7209981, at *4 (M.D.N.C. Dec. 16, 2021), *report and recommendation adopted*, 2022 WL 613378 (M.D.N.C. Mar. 2, 2022) (considering SEC filings cited in complaint); *Okla. Firefighters Pension & Ret. Sys. v. Lexmark Int'l, Inc.*, 367 F. Supp. 3d 16, 28 (S.D.N.Y. 2019) (considering transcripts of earnings calls and investor conferences that were "explicitly quoted in the Complaint").

In addition, the transcript from Wolfspeed's November 6, 2024 Earnings Call for the first quarter of fiscal 2025 (Exhibit 6) is also incorporated by reference. *See* ¶¶ 15, 181–84. Because Plaintiffs rely on this Exhibit to support their claims, it, too, is incorporated by reference. *See Plymouth Cnty. Ret. Sys v. Evolent Health, Inc.*, 2021 WL

5

1439680, at *18–20 (E.D. Va. Mar. 24, 2021) (considering documents "explicitly referenced" and "relied on" in plaintiffs' complaint).

**B. All Exhibits Are Properly Subject to Judicial Notice**

The Exhibits described above are also subject to judicial notice under Federal Rule of Evidence 201(b)(2). *See Frankfurt-Tr. Inv. Luxemburg AG v. United Techs. Corp.*, 336 F. Supp. 3d 196, 205 (S.D.N.Y. 2018) (taking judicial notice of earnings call transcripts); *see also Johnson v. Pozen Inc.*, 2009 WL 426235, at *1–2 (M.D.N.C. Feb. 19, 2009) (taking judicial notice of transcripts from investor conference calls and press releases).

In addition, all other Exhibits are also subject to judicial notice. With respect to Exhibits 7–10, 12, and 16–17, courts regularly take judicial notice of SEC filings and press releases in connection with motions to dismiss filed in securities class actions. *See In re Mun. Mortg. & Equity, LLC Sec. & Deriv. Litig.*, 876 F. Supp. 2d 616, 626 n.7 (D. Md. 2012), *aff'd sub nom. Yates v. Mun. Mortg. & Equity, LLC*, 744 F.3d 874, 881 (4th Cir. 2014) (judicially noticing "information that was publicly available to reasonable investors at the time the defendant made statements plaintiffs alleged were fraudulent," such as "S.E.C. filings, press releases, . . . and other material on which plaintiff's allegations necessarily rely"); *In re Cree Inc. Sec. Litig.*, 333 F. Supp. 2d 461, 469 n.5 (M.D.N.C. 2004) (judicially noticing SEC filings and other public statements).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1–17 in adjudicating the Motion because they are incorporated by reference and/or integral to the Complaint, subject to judicial notice, or both.

Dated: February 20, 2026                    Respectfully submitted,

                                        /s/ Michael G. Bongiorno

                                        **WILMER CUTLER PICKERING HALE AND DORR LLP**

                                        Michael G. Bongiorno*
                                        Tamar Kaplan-Marans*
                                        Nicole E. Prunetti*
                                        7 World Trade Center
                                        250 Greenwich Street
                                        New York, NY  10007
                                        Tel: (212) 230-8800
                                        michael.bongiorno@wilmerhale.com
                                        tamar.kaplan-marans@wilmerhale.com
                                        nicole.prunetti@wilmerhale.com

                                        Matthew T. Martens (NC Bar No. 31665)
                                        1875 Pennsylvania Avenue NW
                                        Washington DC  20006
                                        Tel: (202) 663-6000
                                        matthew.martens@wilmerhale.com

                                        *Notice of Special Appearance filed
                                        pursuant to L.R. 83.1(d)

                                        *Counsel for Defendants*

7

/s/ Rebecca K. Lindahl

**KATTEN MUCHIN ROSENMAN LLP**

Rebecca K. Lindahl (NC Bar No. 35378)
Michaela C. Holcombe (NC Bar No. 50780)
615 S College Street Suite 1700
Charlotte, NC  28202
Tel: (704) 444-2000
rebecca.lindahl@katten.com
michaela.holcombe@katten.com

*Local Counsel for Defendants*

8

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 7.3(d)(1)</u>

Pursuant to Local Rule 7.3(d)(1) of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina, counsel for Defendants certify that the foregoing brief, which was prepared using Times New Roman 13-point proportional font, is 1,276 words.

*/s/ Michael G. Bongiorno*
Michael G. Bongiorno

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 20, 2026, I electronically filed the filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Michael G. Bongiorno*
Michael G. Bongiorno

9